# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA and THE STATE OF TEXAS**, *ex rel*. **Cecilia Young, and CECILIA YOUNG, individually and on behalf of others similarly situated**, | § § § § § § | |
| *Plaintiffs* | § | |
| **v.** | § § | **Case No. 1:18-cv-00806-RP** |
| **KINDRED HEALTHCARE, INC., KINDRED AT HOME a/k/a GENTIVA HEALTH SERVICES, INC.,** | § § § § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE ROBERT PITMAN
### UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion to Dismiss Second Amended Complaint and Brief in Support, filed on March 3, 2021 (Dkt. 45); Relator's Opposition to Defendants' Motion to Dismiss Second Amended Complaint, filed March 31, 2021 (Dkt. 49); State of Texas's Second Statement of Interest in Response to Defendants' Motion to Dismiss Relator's Second Amended Complaint, filed March 31, 2021 (Dkt. 50); Defendants' Response to State of Texas's Second Statement of Interest in Response to Defendants' Motion to Dismiss Relator's Second Amended Complaint, filed April 14, 2021 (Dkt. 51); and Defendants' Reply in Support of Motion to Dismiss Second Amended Complaint, filed April 14, 2021 (Dkt. 52).[1]

---

[1] The District Court referred the motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.    Background

This is a *qui tam* action arising under the False Claims Act ("FCA") and the Texas Medicaid Fraud Prevention Act ("TMFPA") brought by Cecilia Young against her former employers, Kindred Healthcare, Inc., and its subsidiary, Kindred at Home (collectively, "Defendants"). Young alleges improper Texas Medicaid billing, retaliation, and violations of the Fair Labor Standards Act ("FLSA"). Young alleges that, in the course of her employment as a staffing coordinator and office manager for Defendants' Austin office from March 2016 until September 2018, she discovered that Defendants were seeking reimbursement from Texas Medicaid for in-home personal care attendant services that were never performed. Second Amended Complaint, Dkt. 43.

Young alleges that, for Defendants to receive reimbursement for services provided to Texas Medicaid beneficiaries, personal care attendants ("PCAs") must validate their service hours in the Vesta electronic visit verification system. *Id.* ¶¶ 3, 80. When PCAs fail to do so, Defendants employ staffing coordinators to verify the details of a visit by calling them and their clients to confirm that the services were provided and that the claimed hours are correct. *Id.* ¶ 6. Young alleges that Defendants' staffing coordinators routinely failed to verify details of visits and submitted false documentation for services that were not provided. *Id.* ¶¶ 7-8. Young contends that the practice keeps coordinators above a target utilization percentage set by Defendants and results in the submission of false claims for payment to Texas Medicaid. *Id.* ¶¶ 93-95, 107-14.

After she was promoted from coordinator to office manager, Young required coordinators to amend any previously submitted false verifications, which dropped utilization percentages dramatically. *Id.* ¶¶ 121, 128, 187-88. Young alleges that she was instructed by Laverne Fowler, Director of Defendants' Austin Office, and Julie Eberwine, Defendants' Regional Director of Operations, to stop calling PCAs and clients to confirm visit details, and that she should be

concerned with billing more rather than billing accurately. *Id.* ¶¶ 191-94. On August 22, 2018, Young called Kindred Healthcare's corporate compliance hotline regarding the alleged submission of false claims and her discussions with Fowler and Eberwine. *Id.* ¶¶ 200-01. Eberwine terminated Young's employment on September 4, 2018. *Id.* ¶ 204.

On September 21, 2018, Young sued Girling Health Care, Inc. ("Girling") and Harden Healthcare, LLC on behalf of the United States, the State of Texas, and herself individually. Dkt. 2. Young asserted: (1) knowing presentment of a false claim under 31 U.S.C. § 3729(a)(1)(A) (Count 1); (2) knowingly making a false record under 31 U.S.C. § 3729(a)(1)(B) (Count 2); (3) state law claims under the TMFPA (Counts 3 and 4); (4) retaliation under the FCA and TMFPA (Counts 5 and 6); and (5) failure to pay overtime wages under FLSA (Count 7). On November 27, 2019, the United States and the State of Texas declined to intervene, allowing Young to maintain the action in their names. Dkt. 11.

Girling and Harden Healthcare, LLC moved to dismiss Young's Original Complaint for failure to state a claim. Dkt. 14. Young then filed her First Amended Complaint, adding a FLSA collective action claim (Count 8). Dkt. 19. The defendants again moved to dismiss for failure to state a claim. Dkt. 20. The undersigned Magistrate Judge recommended that the District Court dismiss Young's FCA claims (Counts 1-4); grant Young leave to amend her complaint to bring the party allegations into compliance with Federal Rule of Civil Procedure 9(b); and otherwise deny the defendants' motion to dismiss. Dkt. 39. The District Court adopted the Report and Recommendation, dismissed Counts 1 through 4 without prejudice, and granted Young leave to file a Second Amended Complaint. Dkt. 42. In her Second Amended Complaint, Young terminated Girling and Harden Healthcare, LLC as parties and added allegations against Kindred Healthcare, Inc. and Kindred at Home. Dkt. 43. Defendants now seek to dismiss all of Young's claims under Rule 12(b)(6).

3

## II.     Legal Standard

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up).

## III.     Analysis

The Court considers in turn Defendants' arguments to dismiss each of Young's claims.

### A.  Party Liability

Defendants argue that Young's FCA and TMFPA claims fail because Defendants are not parties who can be found liable under the statutes. Texas law requires "a person or an entity seeking to provide health care services or benefits in Medicaid or CHIP" to submit an enrollment application. TEX. ADMIN. CODE ANN. § 352.5(a)(1). An entity must successfully complete the

enrollment process to become a Texas Health and Human Services Commission ("THHSC") provider. *Id.* § 352.3(17). Young alleges that, "[a]t all times relevant herein, Defendants have been enrolled providers for the THHSC" and "are eligible to receive reimbursement for home services they provide to clients who are insured through the THHSC." Dkt. 43 ¶ 72.

Defendants argue that they could not have submitted any allegedly false claims because they are not enrolled providers for the THHSC, and that THHSC's online records show Girling was the provider for PCAs in the Austin Office. Dkt. 45 at 10-11. Defendants ask the Court to take judicial notice of the THHSC online records under Federal Rule of Evidence 201(b) and dismiss Young's FCA and TMFPA claims against them. *Id.* at 5 n.2. In response, Young argues that the THHSC records show that Girling operated as Kindred at Home, supporting her allegation that Defendants were enrolled providers for the THHSC. Dkt. 49 at 6.

In ruling on a motion to dismiss, the court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). A court also may consider matters of which it may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Neither party submitted website printouts or other documents supporting their arguments concerning THHSC's online records; instead, they merely provided internet links, which are insufficient to make the underlying evidence of record. But even were the Court to take judicial notice of the internet materials on which the parties rely, they create a fact issue as to Young's allegations that would be inappropriate for resolution on a motion to dismiss. At this stage of the proceeding, the Court must accept well-pleaded facts as true. *In re Katrina Canal Breaches Litig.*,

495 F.3d at 205. Young's allegations that Defendants are THHSC enrolled providers who were able to submit allegedly false claims for reimbursement are sufficient to state a claim.[2]

## B.  False Claims Act

The FCA prohibits fraudulent claims for payment to the United States. *Riddle v. Dynacorp Int'l Inc.*, 666 F.3d 940, 941 (5th Cir. 2012). Specifically, the FCA prohibits (1) presentment of a false claim to the Government, (2) use of a false record or statement to get a false claim paid, and (3) conspiracies to get a false claim paid. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 183 (5th Cir. 2009); 31 U.S.C. § 3729(a)(1). A complaint alleging fraud under the FCA also must satisfy the heightened pleading standard of Rule 9(b), which provides that: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See Grubbs*, 565 F.3d at 185-86 (stating that Rule 9(b) requires simple, concise, and direct allegations of the circumstances constituting fraud).

### 1.  Knowing Presentment of a False Claim under 31 U.S.C. § 3729(a)(1)(A)

Section 3729(a)(1)(A) creates liability for anyone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." A plaintiff may meet the pleading requirement for knowing presentment "by alleging particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference [false] claims were actually submitted." *Grubbs*, 565 F.3d at 190; *see also United States ex rel. Nunnally v. W. Calcasieu Cameron Hosp.*, 519 F. App'x 890, 893 (5th Cir. 2013) (stating that, under *Grubbs*, a relator can satisfy Rule 9(b) by providing factual evidence to strengthen inference of fraud without providing details of each false claim). Even under the heightened pleading requirements of Rule 9(b), detailed

---

[2] Because Young has sufficiently alleged that Defendants are THHSC enrolled providers, the Court need not address Defendants' argument that she has pled insufficient facts to support an alter ego theory. Dkt. 45 at 11.

factual recitations are not required at the pleading stage of an FCA case. *Swadley v. Scott & White Mem'l Hosp.*, No. A-09-CA-549-SS, 2012 WL 13148799, at *2 (W.D. Tex. July 10, 2012).

Defendants argue that Young neither sufficiently alleges a scheme to defraud nor provides details regarding any specific claim falsely and knowingly presented, as required by Rule 9(b). The Court finds that Young has satisfied the presentment element by alleging in sufficient detail a scheme by Defendants to submit false claims. Young, a former coordinator and office manager directly involved in billing for PCA services, alleges that Defendants took advantage of features in the Vesta system permitting manual confirmation of home services to submit claims for services that were not rendered. Dkt. 43 ¶¶ 83-87, 116. Because the Vesta system automatically submitted all verified payments to Medicaid every two weeks, Young's allegations that fraudulent claims were placed into the Vesta system allows a strong inference that false claims were submitted, even absent details of any particular false claim. *Id.* ¶ 87; *Grubbs*, 565 F.3d at 190. Young also provides specific examples of clients for whom Defendants allegedly billed Texas Medicaid for PCA services they did not provide. Therefore, the Court recommends that Defendants' Motion to Dismiss Young's FCA presentment claim be denied.

### 2. Knowingly Making a False Record under 31 U.S.C. § 3729(a)(1)(B)

Section 3729(a)(1)(B) holds liable anyone who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." Young asserts the same theory for both her presentment claim under Section 3729(a)(1)(A) and her false record claim under Section 3729(a)(1)(B): that Defendants knowingly made and submitted false claims through the Vesta system to seek payment from Texas Medicaid for PCA services that were never rendered. Dkt. 43 ¶¶ 80, 83-87, 109-18, 192-94. Young alleges that Defendants used the false records its coordinators entered into the Vesta system to present false claims to the government. *Id.*

Young alleges that creating false records was the means by which Defendants presented false claims for payment. Therefore, she has stated a claim under the FCA's record provision. *See United States ex rel. Wismer v. Branch Banking & Trust Co.*, No. 3:12-CV-1894-B, 2013 WL 5989312, at *3 n.5 (N.D. Tex. Nov. 12, 2013) (stating that elements for presentment and record provisions can be the same where relator asserts same theory for both provisions) (citing *Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 475 (5th Cir. 2012)). The Court recommends that Defendants' Motion to Dismiss Young's false record claim be denied.

## C. State Law Claims under the Texas Medicaid Fraud Prevention Act

The TMFPA imposes civil liability on any person who knowingly makes or causes to be made a false statement or misrepresentation of a material fact that permits a person to receive unauthorized payment under the Medicaid program. TEX. HUM. RES. CODE ANN. §§ 36.002(1)-(2) (West 2015). The Texas Supreme Court has described the TMFPA as analogous to the FCA in "aim and tactic," although the two statutes use different language. *In re Xerox Corp.*, 555 S.W.3d 518, 535 (Tex. 2018).

The State of Texas filed a Second Statement of Interest in which it argues that the scope of activity prohibited under the TMFPA is broader than the FCA because the TMFPA is not limited to enrolled Medicaid providers and does not require presentment of a false claim or a showing that the unlawful act was material to payment. Dkt. 50. As stated in the previous Report and Recommendation adopted by the District Court, at this stage of the proceeding, the Court need not decide whether the TMFPA is broader than the FCA. Dkt. 39 at 6-7. Because Young has met the FCA pleading standard, she also has stated a claim under the TMFPA. The Court recommends that the District Court deny Defendants' Motion to Dismiss Young's TMFPA claim.

### D.  Retaliation and FLSA Claims

As in their first motion to dismiss, Defendants again argue that Young's retaliation claims should be dismissed because she has not pled adequate facts to support the requisite elements, that her FLSA claims are time-barred, and that she failed to plead essential elements to establish FLSA coverage. These arguments were denied by the District Court. *See* Dkt. 39 at 7-11; Dkt. 42 at 2; Dkt. 45 at 22-25. Defendants present no new arguments or facts that would change the Court's analysis. Accordingly, Defendants' Motion to Dismiss Young's retaliation and FLSA claims also should be denied.

## IV.    Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that Defendants' Motion to Dismiss Second Amended Complaint and Brief in Support (Dkt. 45) be **DENIED.**

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 13, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE